THRASH *v.*
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 43788 January 31, 1966 182 So. 2d 586

*Alford & Mars, Laurel G. Weir,* Philadelphia, for appellant.

*Hamilton & Martin*, Meridian, for appellee.

Rodgers, J.

The appellant, Steryot D. Thrash, brought a suit against the appellee, State Farm Mutual Automobile

Insurance Company, (hereinafter called Insurance Company), in the Circuit Court of Neshoba County to recover property loss occasioned by the damage to a 1965 Mercury automobile, growing out of a collision. The automobile was insured against collision damages by the Insurance Company. The appellant contended the automobile was damaged to such an extent it could not be repaired satisfactorily and was thus a total loss. The appellee contended that the automobile could be repaired for the sum of $1,579.38, including $50 deductible under the terms of the contract, and $25 towing charge. This sum was tendered in the form of a check into court, with the appellee's answer. The circuit judge withdraw the issue from the jury and entered judgment for appellee.

We are of the opinion that the trial court was in error in directing a verdict for appellee, and that the issue should have been submitted to the jury. The only issue in this case is the amount of damage done to the insured automobile in the collision.

The uncontroverted evidence in this record shows the appellant paid the sum of $3,425 for the insured automobile here involved nine months before the collision. He added a floor mat at a cost of $15, bringing the actual cost of the automobile to $3,440. The testimony shows that the automobile had depreciated not more than $200 at the date of the accident, and this sum subtracted from the purchase price shows the value of the automobile at that date. The Insurance Company's own witness, Harold Stokes, testified he would not pay more than $500 for the salvage of the automobile after the accident. Subtracting the salvage value of $500 from the value of the automobile at the time of the accident leaves a proven property loss which the jury could have determined from the evidence.

The Insurance Company introduced into evidence an itemized estimate of parts and labor claimed by it to

be the necessary and reasonable repairs required to repair the automobile. This estimate totaled $1,579.38, including $25 for towing, and less the $50 deductible item under the terms of the policy. An expert witness for the Insurance Company testified that $200 would have to be added to the estimate for a new frame. The trial judge accepted the theory of the Insurance Company as to value, and entered a judgment in favor of the appellant for $1,794.38.

 In view of the conflicting evidence offered by the appellant that the car could not be repaired, we are of the opinion that the issue should have been submitted to the jury. This case must therefore be reversed and remanded.

Reversed and remanded.

*Ethridge, C. J., and Gillespie, Jones and Inzer, JJ.,* concur.