ETHRIDGE, Chief Justice.
Claude Holcomb, Jr., appellee, brought ihis suit in the Circuit Court of Forrest County against Twin States Insurance Company, appellant (called Twin States), and Mississippi Motor Finance, Inc. (called Motor Finance). He sought damages from both defendants for breach of an automobile insurance contract, involving also fraud and deceit. The collision insurance policy was written by Twin States, and the conditional-sale, financing contract was with Motor Finance as lender. The jury returned a verdict of $627.50 against Twin States, and a separate verdict in the same amount against Motor Finance. However, the trial court gave judgment notwithstanding the verdict in favor of Motor Finance, and rendered judgment on the verdict against Twin States, which took a direct appeal.
Holcomb undertook to take a cross-appeal from the judgment for Motor Finance. He did not file an appeal bond on his cross-appeal, so it was not properly perfected. Where a cross-appeal is sought to be taken against parties not before the court on the main or direct appeal, it is necessary that the cross-appellant file an appeal bond, which would include the parties who are not before the court on the direct appeal. Duckworth v. Allis-Chalmers Mfg. Co., 247 Miss. 198, 150 So. 2d 163 (1963). Hence the cross-appeal is dismissed.
On the direct appeal, we conclude that the circuit court erred in refusing to give Twin States a peremptory instruction. There was no evidence to warrant a finding that Twin States was guilty of any breach of its insurance contract with plaintiff, or of any fraud and deceit with reference to him.
On June 6, 1964, Holcomb purchased from Tommy Thomas a used 1964 Chevrolet, for a contract price of $3,000, with an unpaid balance of $2,400. The conditional sale contract was assigned to Motor Finance, which financed the purchase price and the cost of the policy of collision in *95 surance with Twin States. In the conditional sale contract there was a loss-payable clause to Motor Finance. Between June 6, 1964, and January 3, 1965, Holcomb had several losses, which Twin States paid under its policy. On January 3 the car was in a collision. The loss was reported to Motor Finance, which requested Twin States to make an adjustment.
Holcomb had been working several years for Hyde Auto Shop. Hyde made an estimate of damages to the vehicle of $1,350. Since Holcomb was concerned about possible damage to the frame, Hoover, adjuster for Twin States, and Hyde got the owner of a frame alignment company to examine it. He informed Hoover and Hyde that the frame could be repaired for the amount set forth in the estimate. Hyde then signed a “contract” in which he stated that he would repair “all collision damage” for $1,350. On January 7, pursuant to this agreement by Hyde, Hoover filled out a proof of loss, with “insured’s release and directions as to payment of proceeds of adjustment.” The amount to be paid was $1,300, after subtracting the $50 deductible. Holcomb admitted that he discussed this figure with Hyde.
Hoover testified that he explained this proof of loss and release in some detail to Holcomb, and that Holcomb fully under- . stood it and signed it. Holcomb did not deny this. The instrument directed Twin States to pay to Motor Finance the $1,300 owed on its policy, for the account of all interests in the car. Twin States did so. At that time, Holcomb was not certain whether he wanted to repair his car and continue making the loan payments, or to liquidate his account with Motor Finance. He wanted some additional time to determine how much money he could realize from selling the damaged car himself. Twin States’ adjuster told Motor Finance of this, and requested that the check be held pending Holcomb’s decision. Motor Finance held the check until Holcomb advised it that he was not going to make further payments on the loan. Holcomb was delinquent in his payments, so Motor Finance repossessed the car and sold it for $750. After allowing Holcomb full credit for interest and insurance refunds, and other items, there was a deficiency balance of approximately $200. Motor Finance sued Holcomb in a justice of the peace court for that amount, and obtained a judgment. Subsequently it accepted payment from Holcomb of $100 in full settlement of the judgment.
From this summary, it is apparent that there is no evidence which would support a finding that Twin States breached its insurance contract with Holcomb, or that it or its agent was guilty of any deceit or fraud toward him. Pursuant to Holcomb’s authorization, Twin States paid the $1,300 to Motor Finance for his account, and he got full credit for it. These actions were in accord with the insurance policy and the proof of loss and release executed by Holcomb. Nor did the evidence make a jury issue on fraud and deceit. Holcomb did not deny that the representative of Motor Finance told him he had the insurance money and inquired about its disposition. He said he did not remember, but he admitted that he knew the amount of the estimate, and that Motor Finance had the check for $1,300.
Hoover, the adjuster for Twin States, testified that he filled out the proof of loss, explained it in detail to Holcomb, who could not read and write, that Holcomb understood it, and then signed it. Although appellee’s brief asserts that Holcomb signed the instrument in blank, the evidence is to the contrary. Moreover, Holcomb did not testify as to any fraud or deceit practiced upon him before its execution. Since plaintiff failed to show fraud *96 in procurement of the proof of loss, he is bound by it.
Thrash v. State Farm Mutual Automobile Insurance Company, 254 Miss. 682, 182 So.2d 586 (1966), is not relevant here. It involved a conflict in evidence as to whether the automobile was a total loss, which was a jury issue. In the instant case, Holcomb executed an agreement as to the amount of loss and a release.
Reversed and judgment rendered here for appellant; cross-appeal dismissed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.