299 So.2d 691 (1974)
Robert L. CASKEY and Bubba Oustalet, Inc.
v.
Jesse TREADWELL.
No. 47635.
Supreme Court of Mississippi.
September 3, 1974.
*692 Bryan, Nelson, Allen & Schroeder, Megehee, Brown, Williams & Corlew, Pascagoula, for appellants.
Alfred L. Felder, Pascagoula, for appellee.
GILLESPIE, Chief Justice.
This unusual case involves a collision between a Ford automobile and a 34-foot Chris Craft pleasure boat, Ichiban II. This appeal is from a judgment of the Circuit Court of Jackson County for $8,000 in favor of Jesse Treadwell against the appellants, Robert L. Caskey (Caskey) and Bubba Oustalet, Inc., (Oustalet) for damages sustained when Treadwell's boat was struck and sunk by Caskey's automobile. Treadwell cross-appeals. The judgment against Caskey is affirmed as reduced by the sum of $917.20. The judgment is reversed and dismissed as to Oustalet. On cross-appeal, we affirm.
About midnight on March 7, 1972, Caskey's 1971 Ford automobile went out of control while he was backing out of the Old Coast Guard Station at Pascagoula and went over the bank into the river where it struck and knocked a hole in Treadwell's 34-foot Chris Craft pleasure boat, Ichiban II, which was moored to a public dock. Both the automobile and the boat sank in the river. Caskey was an officer in the Coast Guard stationed at Pascagoula. He was off duty on the night of the accident but had stopped at the station to talk with friends. He said he had drunk four beers on the night of the accident but was not intoxicated. When he left the station he returned to his automobile, which was parked in the parking lot, started the engine, put the gear in reverse and pressed the accelerator. He stated the accelerator stuck and the automobile took off rapidly. He swerved to avoid hitting a post and hit the brake pedal two or three times but went over the bank into the river where he struck Treadwell's boat. He traveled backwards a distance of 142 feet.

CASKEY'S APPEAL
Caskey raises questions as to the amount of damages but not as to liability. He contends that the trial court erred in failing to grant his motion for a mistrial when Treadwell injected insurance into the trial. Treadwell was asked by Caskey's attorney whom he contacted to get the boat raised, and he responded, "The insurance adjuster recommended this man to me, sir." Caskey's attorney immediately moved for a mistrial, which was overruled. Later, Caskey's attorney asked Treadwell, "Did you know Mr. Tate prior to the time the boat went down?" Treadwell replied in the negative and the attorney asked, "How did you get to Mr. Tate?" (The man who raised the boat). Treadwell answered, "Whenever the insurance company *693 that he had his insurance with recommended the man to me." The motion for a mistrial was renewed and the court overruled it on the ground that Caskey's counsel had elicited the answer. We hold there was no reversible error committed by the trial court. The matter was largely within the discretion of the trial judge and it does not appear that he abused his discretion. Copiah Dairies v. Addkison, 247 Miss. 327, 153 So.2d 689 (1963).
Several questions as to the amount of damages are raised by Caskey. We are of the opinion there is no merit to the argument that it was not necessary to pay the cost of raising the boat and temporary repairs. The record shows that the sunken boat was a hazard to navigation. The proof as to the necessity of the repairs and reasonableness of the cost is not satisfactory, but considering all the circumstances we hold that the rule announced in National Fire Insurance Co. v. Slayden, 227 Miss. 285, 85 So.2d 916 (1956), does not require reversal.
Competent proof was offered on behalf of Treadwell that before the accident the boat was worth $6500, and it had a salvage value of $1000. On this item, Treadwell is entitled to recover $5500, being the difference in the two figures. The jury was also justified in awarding Treadwell $600 for raising the boat, $400 for fishing equipment lost, $517.80 for temporary repairs and $65 for food and gasoline lost, or a total of $7,082.80. We find no basis in the evidence for damages in excess of $7,082.80, and, therefore, the judgment is reduced by the sum of $917.20. Otherwise it is affirmed as against Caskey in the sum of $7,082.80.
Caskey also complains of the instruction given at the request of Treadwell on the measure of damages. It is conceded that this instruction is erroneous. However, no objection was made to the granting of this instruction other than that it was filed late. In some cases the content of an instruction cannot be determined until all the proof has been offered. The trial judges necessarily have discretion in allowing instructions to be requested or amended after the evidence is in.

OUSTALET'S APPEAL
Viewing the evidence in the light most favorable to Treadwell, we hold that it fails to show negligence on the part of Oustalet that proximately contributed to the accident. Caskey purchased the 1971 Ford automobile from Oustalet in February 1971. On a trip to Florida in August of 1971, Caskey first noticed the accelerator sticking. He testified that the car was running "awfully fast, if you did not hold your foot on the brake at a stoplight, it would take off, I mean spin the wheels." He thought it was the choke sticking. Caskey did not take the car in for repairs, but his wife did on August 26, 1971. The work order in Oustalet's service department on that date shows an item, "ck. acc. sticking lube $3.54." The accelerator was sprayed with a lubricant. Mrs. Caskey testified that the service man at Oustalet's said he would order a part for the accelerator and would send a card when it came in and they would replace it. Mrs. Caskey took the car to Oustalet in November and was told that the part for the accelerator had not come in and that it would be reordered. Oustalet's work order does not reflect any item concerning the accelerator other than that shown on the August 26 order. There is no proof that Mr. or Mrs. Caskey had any difficulty with the accelerator between November and March 7, 1972, when the accident occurred. Mrs. Caskey testified that the service manager for Oustalet did not say anything about whether the car was safe to drive, after she told him of the accelerator sticking in August. It is claimed that Oustalet was negligent because Mrs. Caskey was told to drive the car or that its repairman failed to advise her that it was not safe to drive the car until a new part was installed in the accelerator. In our opinion, any failure on the *694 part of Oustalet to repair the automobile is too remote to constitute actionable negligence. We hold that the evidence fails to show that Oustalet was negligent in August, 1971, but assuming Oustalet was negligent, it was too remote to be actionable.
We find no reversible error on cross-appeal.
For reasons stated, the judgment against Caskey is affirmed in the amount of $7,082.80, and reversed in part as to $917.20. As to Oustalet, the judgment is reversed and the suit dismissed. The case is affirmed on cross-appeal.
Affirmed in part, reversed in part and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.