Bobby **COURSEY**, Plaintiff–Appellant,

v.

Chris **BROADHURST,**
Defendant–Appellee.

No. 89–4240
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1989.

Ken R. Adcock, Shell, Buford, Bufkin, Callicutt & Perry, Ken R. Adcock, Jackson, Miss., for plaintiff-appellant.

Joseph W. McDowell and Joseph L. McCoy, McCoy, Wilkins, Noblin & Stephens, Jackson, Miss., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

This negligence action arises from a motor vehicle collision in Rankin County, Mississippi, on January 2, 1986. Appellant-plaintiff Bobby T. Coursey appeals a final judgment entered upon a jury verdict in his favor, claiming that due to errors at trial, the jury did not adequately compensate him for his damages. Appellant Coursey challenges three rulings by the district court: (1) its denial of Coursey's motion in limine to exclude evidence of a prior theft conviction; (2) its denial of Coursey's motion for a mistrial when opposing counsel referred to the conviction in his opening statement;

and (3) its directed verdict in favor of appellee Broadhurst on the issue of damages to Coursey's tractor. We affirm the judgment of the district court.

## I. BACKGROUND

On January 2, 1986, an automobile driven by appellee-defendant Chris Broadhurst ("Broadhurst") collided with a tractor-trailer truck driven by appellant-plaintiff Bobby Coursey ("Coursey") on an interstate highway near Brandon, Mississippi. The impact caused the right tires of Coursey's tractor and trailer to drop off the road surface onto the right shoulder of the highway. The weight of the load of sheetrock Coursey was carrying shifted to the right and the truck flipped on its side, causing personal injury to Coursey and property damage to his tractor-trailer unit.

On June 22, 1987, Coursey filed a negligence action against Broadhurst, based on diversity jurisdiction, in United States District Court for the Southern District of Mississippi, seeking damages resulting from the automobile-truck collision. After discovery was completed, Coursey filed a pretrial motion in limine to exclude any evidence regarding his 1983 felony conviction for cattle theft. The district court denied Coursey's motion.[1]

The action was tried to a jury on January 9 and 10, 1989. During his opening statement, counsel for Broadhurst referred to Coursey as "a convicted felon." Coursey moved for a mistrial, arguing that opposing counsel's conduct impermissibly exceeded the scope of Federal Rule of Evidence 609 and irreparably prejudiced Coursey in the eyes of the jury. The trial court denied the motion for mistrial.

After both sides had rested, the district court granted Broadhurst's motion for a directed verdict on the element of damages relating to Coursey's tractor, ruling that Coursey had failed to establish a prima facie case in support of these damages. In closing argument, Coursey asked the jury to render a verdict in his favor for $54,700 on the remaining elements of damages: medical expenses, pain and suffering, lost wages, repair costs for the trailer attachment, and costs for storing the trailer for a reasonable period during which repairs could have been completed. The jury returned a verdict for Coursey in the amount of $8,600.

Coursey filed a motion for additur or new trial under Rule 59 of the Federal Rules of Civil Procedure. The district court denied the motion, and Coursey then filed a timely appeal to this court. Coursey contends on appeal, as he did in his motion for additur or new trial, that the district court erred in denying his motion in limine and admitting evidence of his 1983 felony theft conviction. Coursey argues that, in any event, the court erred in allowing reference to Coursey's conviction to come out in Broadhurst's opening statement, rather than on cross-examination of Coursey as contemplated by Fed.R.Evid. 609(a). Finally, Coursey contends that the district court erred in directing a partial verdict for Broadhurst, excluding from the jury's consideration the issue of damages related to the alleged total loss of Coursey's tractor.

## II. DISCUSSION

### A. *Admissibility of Coursey's Felony Conviction*

In the course of discovery, Coursey revealed that he had pleaded guilty in August 1983 to a felony charge of cattle theft. Coursey filed a pretrial motion in limine in an attempt to exclude evidence relating to this conviction, contending that such evidence would be of very low probative value to the jury and would substantially prejudice his interests. The district court denied his motion. As explained in its order denying Coursey's motion for a new trial,[2] the court ruled that evidence of Coursey's con-

---

1. The record on appeal does not contain an order denying Coursey's motion in limine. The court's disposition of the motion is apparent, however, from its rulings during trial admitting evidence of Coursey's conviction. In addition,

the trial court specifically refers to its denial of Coursey's motion in limine in its post-trial order denying Coursey's motion for a new trial.

2. See note 1.

viction was admissible under Rule 609(a)(1) of the Federal Rules of Evidence after determining that the probative value of the evidence outweighed its prejudicial effect. In his opening statement to the jury, counsel for Broadhurst made the following remarks:

> We do believe, as you'll see from their presentation of the evidence and then our presentation of the evidence, there is a conflict in what happened that day as to the testimony and the facts. We believe it would be your opportunity and obligation to determine who's telling the truth and who's not telling the truth in this case. To determine that you've got to determine the demeanor of the witnesses, each witness from the stand, and their credibility.

> We expect the evidence to show that the Plaintiff is a convicted felon, which is a fact.

Coursey immediately moved for a mistrial. The trial court noted that mention of Coursey's felony conviction was improper during Broadhurst's opening statement. However, the court denied Coursey's request for a mistrial.

Coursey renewed his complaint of attorney misconduct in a post-judgment Rule 59 motion for new trial. In its order denying Coursey's motion, the court explained that "the prejudice, if any, to Coursey occasioned by mention of his prior felony conviction was not such as to deprive him of a fair and impartial trial." The court also concluded that any error regarding admitting evidence of Coursey's conviction was cured when he explained the circumstances of the conviction on direct examination in his case-in-chief.

 Coursey argues on appeal that evidence of his 1983 conviction should not have been admitted at all—i.e., the court should have granted his motion in limine—because theft is not a crime that involves "dishonesty or false statement" for purposes of Rule 609(a). He further contends that even if evidence of his conviction was admissible, it was admissible under Rule 609 only during cross-examination for purposes of impeaching his credibility. Therefore, argues Coursey, the district court erred in not granting a mistrial when Broadhurst's counsel improperly referred to Coursey's conviction during opening statements. Coursey maintains that such misconduct "permeated the jury's mind with prejudice which adversely influenced the verdict and deprived Mr. Coursey of a fair and impartial trial." We hold that the district court did not err in admitting evidence of Coursey's 1983 felony conviction.[3]

Federal Rule of Evidence 609(a) provides:

> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Looking first to Rule 609(a)(2), we briefly address the parties' disagreement as to whether Coursey's conviction was admissible under this subsection.

Subsection (a)(2) of Rule 609 is premised on a logical assumption that evidence showing a witness's conviction for a crime involving "dishonesty or false statement" is probative of the issue of the witness's propensity to testify truthfully. The mandatory language of Rule 609(a)(2) requires that a trial court admit evidence of such crimes to allow a party to impeach an adversary

---

**3.** We initially reject the argument raised in Broadhurst's brief that Coursey waived any error relating to admission of this evidence by volunteering the existence of his prior conviction on direct examination. After the district court denied his motion in limine, Coursey was entitled to elicit the circumstances of his conviction on direct examination so as to ameliorate the unfavorable impact of the information on the jury. Our circuit has held that in such circumstances, error, if any, is sufficiently preserved by making the motion in limine. *Reyes v. Missouri Pacific R.R. Co.*, 589 F.2d 791, 793 n. 2 (5th Cir.1979).

witness's credibility. Citing cases from other circuits, Broadhurst argues that felony theft, the crime for which Coursey was convicted, is a crime involving dishonesty or false statement. The rule in the Fifth Circuit is clearly to the contrary; evidence of conviction for a crime of the present nature cannot be used for impeachment under Rule 609(a)(2). See *Howard v. Gonzales*, 658 F.2d 352, 358–59 (5th Cir.1981) (felony theft) and cases cited therein.

We turn then to Rule 609(a)(1). This subsection has, until recently, been the subject of considerable controversy when applied in the context of civil lawsuits. The difficulty arises from Congress's use of the word "defendant" in its requirement that a court allow impeachment of any witness with prior convictions "only if" the probative value of the evidence outweighs its prejudice to "the defendant." In civil trials, Rule 609(a)(1) could thus be interpreted to provide the benefit of prejudice-weighing to civil defendants, but not to civil plaintiffs. Concluding that Congress could not have intended such an absurd—and perhaps unconstitutional—result, the Supreme Court held last term in *Green v. Bock Laundry Machine Co.* that the term "defendant" in Rule 609(a)(1) means "criminal defendant." —— U.S. ——, 109 S.Ct. 1981, 1991, 104 L.Ed.2d 557 (1989). Therefore, the prejudice-weighing prerequisite to admissibility of felony convictions applies only in criminal trials.

In civil trials, Rule 609 precludes such judicial discretion; impeachment evidence of prior convictions must be admitted. The Court also held that the specific mandate of Rule 609—evidence "shall be admitted"—overrides the general discretionary authority granted under Rule 403 for a judge to balance probative value against prejudicial effect. *Id.* 109 S.Ct. at 1992–93. Thus, the Court concluded that Rule 609(a)(1) "requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." [4] *Id.* at 1993.

Under the prevailing Fifth Circuit law at the time this case came to trial, the district court, in ruling on Coursey's motion in limine, balanced the probativeness of his felony conviction against its prejudicial effect and determined that the impeachment evidence was admissible under Rule 609(a)(1). In light of the Supreme Court's holding in *Green*, we cannot now hold that the court abused its discretion. Therefore, we hold that the district court's denial of Coursey's motion in limine to exclude evidence of a prior felony conviction was proper.

Coursey also argues, however, that Rule 609 contemplates the introduction of evidence relating to a prior conviction only during cross-examination. Coursey contends that the trial court erred by not granting his motion for a mistrial when

---

4. *Green* overrules Fifth Circuit precedents interpreting Rule 609(a)(1) that stated the law in this circuit at the time this lawsuit was tried. In *Petty v. Ideco*, 761 F.2d 1146 (5th Cir.1985) (products liability action), we held that in civil cases, the determination of whether to allow use of a conviction based on whether its probative value exceeds its prejudicial effect is within the trial court's discretion. *Id.* at 1152; *see also Howard v. Gonzales*, 658 F.2d 352, 359 (5th Cir.1981) (§ 1983 action). In *Shows v. M/V Red Eagle*, 695 F.2d 114 (5th Cir.1983), we reversed a judgment in favor of a Jones Act defendant, holding that the admission of testimony concerning the conviction of plaintiff Shows was reversible error. *Id.* at 119. We recognized the arguments of commentators that the balancing exercise of Rule 609(a)(1) was designed to protect only criminal defendants, not civil litigants. *Id.* However, we failed to resolve the controversy because of our holding—now disapproved by *Green*—that the protective balancing test of Rule 403 required exclusion of Shows' robbery conviction independently of Rule 609. We relied on Rule 403 in *Shows* based on our belief in that case that, "the evidence [of a prior conviction] presented the risk that a jury would not be fair to Shows' claim, not because it did not believe him, but because as a convict he was not deserving of their justice."

The Supreme Court acknowledged in *Green* current judicial and academic dissatisfaction, such as was expressed in *Shows*, with a rule of automatic admissibility of felony convictions to impeach civil witnesses under Rule 609. *Green*, 109 S.Ct. at 1984 n. 4. However, after an exhaustive review of legislative history, the Court was constrained to interpret Rule 609 in a manner that would be least violative of the language, context, and purposes of Rules 609 and 403. *Id.* at 1991–93; *see also id.* at 1994 (Scalia, J., concurring).

counsel for Broadhurst referred to Coursey's criminal past during opening statements.

The decision to grant or deny a mistrial due to allegedly improper arguments rests within the broad discretion of a trial judge. *See Nevels v. Ford Motor Co.,* 439 F.2d 251, 258 (5th Cir.1971); *Har–Pen Truck Lines, Inc. v. Mills,* 378 F.2d 705, 715 (5th Cir.1967). Having determined that evidence of Coursey's conviction was admissible under Rule 609(a)(1), we must consider whether Broadhurst's conduct in "jumping the gun" during his opening statement was so prejudicial that the trial court abused its discretion in not ordering a new trial.

■ Broadhurst's counsel, in summarizing to the jury what he believed the evidence at trial would show, referred to Coursey as a "convicted felon" in the context of explaining the jury's obligation of weighing the credibility of witnesses. Thus, counsel was previewing the impeachment evidence he planned to offer—and was permitted to offer under Rule 609— during cross-examination of Coursey, who was designated as a plaintiff's witness. We agree with Coursey that the proper time to impeach a witness with a prior felony conviction is when that witness is on the witness stand, not during an advocate's opening argument to the jury. However, the impeachment evidence in this case would have come out eventually,[5] and Coursey ameliorated its impact on the jury during direct examination and closing arguments.[6]

■ Under these circumstances, we hold that the reference to Coursey's felony conviction in Broadhurst's opening statement,

if error, constituted harmless error because Coursey's substantial rights were not prejudiced. Fed.R.Civ.P. 61. The jury returned a verdict in Coursey's favor. The fact that the damage award was not as large as Coursey may have requested is not dispositive on the issue of jury prejudice.[7] Moreover, the trial judge was in the best position to determine whether the tone or implications surrounding Broadhurst's opening remarks carried an inflammatory or prejudicial message beyond the mere words used, so as to warrant a new trial. Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Coursey's motion for mistrial.

### B. *Directed Verdict on the Issue of Damages to Coursey's Tractor*

In reviewing a directed verdict, we use the same standard on appeal as the trial judge used to pass on the motion below. A directed verdict should be granted only when, considering all evidence in a light most favorable to the nonmovant, "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). If there is no evidentiary basis to support a jury's verdict on an issue, the court may properly exclude that issue from the jury's consideration in order to save time and expense. Moreover, " '[a] jury may not rest its verdict on speculation and conjecture,' and the jury's freedom to draw inferences from the evidence does not extend so far as to allow a wholly

---

5. In this case, Coursey testified as the first plaintiff's witness. According to the trial transcript, direct examination began on the afternoon of January 9, 1989, and cross-examination was completed that same afternoon. Thus, had Broadhurst's counsel waited until cross-examination to first raise the issue, the fact of Coursey's felony conviction would have been withheld from the jury's purview for a matter of only hours at most.

6. During direct examination, Coursey explained that the 1983 theft conviction was the only time he had ever "been in trouble with the law," and that he had never been arrested or convicted for

any other crime. In closing arguments, counsel for Coursey urged the jury to accept that there was no relationship between Coursey's conviction and his right as a civil litigant to recover damages due to the negligence of another.

7. The elements of damages for which Coursey requested the largest amounts—$40,000 for pain and suffering due to the accident and its lingering effects, and $11,000 for lost wages—were hotly contested at trial. Broadhurst offered competent evidence to show that these damages were not as great as Coursey alleged.

'unreasonable inference' or one which amounts to 'mere speculation and conjecture.'" *Mack v. Newton*, 737 F.2d 1343, 1351 (5th Cir.1984) (citations omitted).

■ In the instant case, the trial court concluded at the close of all evidence that Coursey's proof on the issue of damages to his tractor unit was insufficient as a matter of law. After reviewing the trial transcript, we agree with the district court.

In this diversity action, the law of Mississippi applies to the issue of damages. Under Mississippi law, there are two generally recognized methods of determining damages to personal property. When property is repairable, fair compensation encompasses the reasonable costs of repair plus the depreciation in fair market value of the property caused by the accident, even with repairs. *Thomas v. Global Boat Builders & Repairmen, Inc.*, 482 So.2d 1112, 1115 (Miss.1986). When property, such as a vehicle, is so badly damaged that the cost of repair exceeds its fair market value before the accident—a "total loss"—courts apply the "before and after" rule: Damages equal the fair market value of the vehicle before the collision less its fair market value immediately thereafter. *Harper v. Hudson*, 418 So.2d 54, 57 (Miss.1982). To prove a total loss, a plaintiff must introduce evidence to show: (1) the value of the property before the accident; (2) that the costs to repair the property would exceed this value; and (3) the value after the accident, which requires proof of either (a) the salvage value of the damaged property if not repaired, or (b) that the property was demolished or destroyed and, thus, has no salvage value. *See id.; Caskey v. Treadwell*, 299 So.2d 691, 693 (Miss.1974); *Thrash v. State Farm Mut. Auto. Ins. Co.*, 254 Miss. 682, 182 So.2d 586, 587 (1966); *accord Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1168 (5th Cir. 1983) (applying Louisiana law).

In the trial of this case, Coursey offered the testimony of Ken Strange ("Strange"), an insurance adjuster and Coursey's expert on damages, to establish the first two elements of a total loss theory. Strange testified that, in his opinion, the fair market value of the tractor at the time of the accident was in the range of $23,000 to $26,000. This amount took into consideration improvements made by Coursey prior to the accident, such as an engine and transmission overhaul and a new set of tires. Strange also testified that the exterior cab was "almost completely demolished" and that the cost to repair the tractor "as a unit" would exceed its fair market value. There is no evidence in the record from any source, however, to establish the "after," or salvage, value of the tractor as a whole.[8]

The evidence is uncontroverted that the tractor still had some value after the collision. Coursey and Strange testified that Farris Wrecker Service, the company that stored Coursey's damaged tractor and trailer, dismantled the unit, leaving the cab exposed to the elements outdoors, and housing the frame, engine, transmission and tires inside a storage building. This fact alone creates the inescapable inference that these parts had some market value.[9] Coursey testified that he had invested approximately $10,000 to rebuild the tractor's engine in 1985, and that the engine had only 4,000 miles on it at the time of the accident. Strange testified on cross examination that the stored tractor parts had salvage value, that he was unaware of any internal damage to the engine, and that if the engine were rebuilt it would be in good condition to sell. He also testified that, although it was his regular custom when assessing property damage to deduct salvage value from value at the time of loss to obtain "actual loss," Coursey's attorney did

---

**8.** Although Coursey presented evidence to show that the exterior cab of his tractor was demolished beyond salvage value, Strange did not testify as to the pre-accident value of the cab by itself. Therefore, there was no basis on which the jury could have awarded damages for this itemized element of property damages.

**9.** Focusing on the tires alone, we note that Coursey's testimony that he paid $3,200 for a new set of ten tires less than a year before the accident could have caused widely divergent speculation by the jury as to the post-accident value of these apparently salvageable tires.

not request him to calculate any such salvage value when Strange was asked to testify as an expert witness.

Coursey maintains on appeal that he did not gain any benefit from the salvage value of the tractor because he was financially unable to pay the wrecker and storage fees to obtain possession of his truck parts. Therefore, he argues, the trial court should have shifted the burden of proof to Broadhurst regarding salvage value. Coursey has cited no Mississippi case law to support this equitable proposition, and we have been unable to find any. Rather, the Mississippi cases we have referenced in this opinion indicate that salvage value is an element of a plaintiff's prima facie case. We have reviewed the cases Coursey cites from other jurisdictions and conclude that the legal propositions of these cases are inapposite to the present factual situation.

The only case Coursey cites that is reasonably analogous to the facts of this case is *Southern County Mut. Ins. Co. v. Green Motor Co.*, 248 S.W.2d 959 (Tex.Civ. App.—Austin 1952, writ ref'd n.r.e.). In *Green Motor Co.*, defendants-appellants contended that the plaintiffs-appellees had failed to establish the value of a demolished automobile after the accident at issue in the case and, thus, had failed to satisfy their burden of proof under the "before and after" rule. The appellate court affirmed the judgment in favor of plaintiffs, which was entered after a nonjury trial. *Id.* at 960. The court found that the plaintiffs had established that the automobile was damaged beyond repair and that it had no value except as "junk," which the court defined as "old iron, glass, ... valueless refuse, ... trash to discard as worthless." *Id.*

In the present case, the evidence established that the salvage value of Coursey's tractor was greater than that of mere junk. Therefore, this is not a case where a factfinder is needed to resolve the conflict between a plaintiff's evidence of no salvage value and a defendant's evidence to the contrary. Coursey bore the burden of going forward with sufficient evidence to prove his damages by a preponderance of the evidence. *Harper*, 418 So.2d at 57. He was required to introduce such proof of damages as the nature of his case permitted, with as much accuracy as was reasonably possible. *Thomas*, 482 So.2d at 1116. The salvage value of a tractor is an element of damages that, by its nature, is capable of reasonable approximation and is not extremely difficult to prove at trial. When a plaintiff has available to him sources and means whereby damages may be calculated to a fair degree of certainty, and he does not secure for trial such available proof, he risks a directed verdict in favor of his opponent. *Cf. id.* at 1117. We hold that the district court correctly granted Broadhurst's motion for directed verdict on the issue of tractor damages because Coursey failed to establish the value of his tractor after the collision.

### III. CONCLUSION

Based on foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.