**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30372
Summary Calendar

DOLLIE GREGOIRE, Individually and on behalf
of her minor children Marissa, Mahalia & Nahson Gregoire,

Plaintiff-Appellant,

VERSUS

PAUL GREGOIRE, Individually and on behalf of his
minor children Marissa, Mahalia & Nahson Gregoire,

Plaintiff,

VERSUS

K-MART CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(CA-94-2032-D)
October 30, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, Dollie Gregoire, sued K-Mart Corporation alleging

that she was injured when she slipped and fell in K-Mart's Houma,

---

[1] Local Rule 47.5 provides: "The publication of opinions that have
no precedential value and merely decide particular cases on the
basis of well-settled principles of law imposes needless expense on
the public and burdens on the legal profession." Pursuant to that
Rule, the Court has determined that this opinion should not be
published.

Louisiana store.  A jury returned a verdict for K-Mart.  Gregoire appeals and we affirm.

Appellant seeks reversal of the jury verdict claiming first that the district court erroneously overruled two objections Appellant's counsel made to statements made by Appellee's counsel in opening statement and in closing argument.  In opening statement, Appellee's counsel said "I've tried lots of cases, but this one out and out smacks of fraud."  In closing argument, counsel stated, "K-Mart has proved itself to be a good corporate neighbor in not only this community, but in the communities that all of you come through . . ."  The first statement was not improper.  Appellant's counsel earlier stated to the jury that he was trying his first case.  Appellee's counsel said he had tried many and he set out the theme of K-Mart's defense; that is, that Appellant had staged the slip and fall.  While the second statement may have gone beyond the evidence in the case and, therefore, technically been improper, we see no prejudice flowing from it or the earlier statement.  <u>Coursey v. Broadhurst</u>,888 F.2d 338, 343 (5th Cir. 1989) (statement, if error, was harmless because substantial rights were not prejudiced; <u>Wilson v. Johns-Manville Sales Corp.</u>, 810 F.2d 1358, 1362 (5th Cir. 1987).  Additionally, the district court made clear to the jurors that what the lawyers said in argument was not evidence to be considered in the case.

Appellant next complains that the district court should not have allowed Appellee to call Appellant's sister-in-law, Shirley Bruce, as a witness because she was not listed on the pretrial

2

witness list.  While this witness was indeed devastating to Appellant's case, she was called only as a rebuttal witness after Appellant had testified to the alleged facts of the slip and fall incident.  Bruce testified that Appellant had staged the alleged accident and had received no injuries.  In presenting this witness, Appellee followed the procedures of Rule 9 of the Uniform Rules of the United States District Court for the Eastern District of Louisiana.  Appellee presented the information concerning the witness to the district court in camera in advance of trial and obtained a ruling that the evidence was indeed impeachment evidence and, as a result, the identity of the witness need not be made known in the usual pretrial filings.  Appellant does not challenge the validity of Rule 9 of the Eastern District so we do not address that question.

AFFIRMED.