IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50689
Conference Calendar

_____

CORNELIUS RAY SEPHUS,

Plaintiff-Appellant,

versus

A. PAGAN, Officer, Hondo TDCJ,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CV-354
---------------------

April 15, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Prison Litigation Reform Act applies to this appeal.

See Strickland v. Rankin County Correctional Facility, 105 F.3d

972, 973-76 (5th Cir. 1997).  Cornelius Ray Sephus (#586047) has

complied with the certification requirements of the PLRA and his

motion for leave to proceed in forma pauperis is GRANTED.

Sephus is ORDERED to pay an initial partial filing fee in

the amount of $3.33.  Sephus must also make monthly payments of

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

20% of the preceding month's income credited to his account.  See
28 U.S.C. § 1915(b)(2).  The agency having custody of Sephus is
ORDERED to forward payments from his account to the clerk of the
district court each time the amount in his account exceeds
$10.00, until the filing fee is paid.

Sephus has not shown that exceptional circumstances require
appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209,
212 (5th Cir. 1982).  Sephus's motion for appointment of counsel
is DENIED.

Sephus has not obtained a copy of the trial transcript.  It
is the appellant's responsibility to provide a transcript of all
relevant evidence to support his appellate argument.  See Fed. R.
App. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir.
1992).  Sephus contends that a video tape of Sephus playing
basketball nine to 10 months after the use-of-force incident
should not have been introduced into evidence and that the
district court erred in admitting the testimony of a medical
doctor who had not examined Sephus.  Because Sephus cannot
demonstrate that he preserved error by lodging a contemporaneous
objection to this evidence, we review these issues for plain
error.  See Fed. R. Civ. P. 52(a).  Sephus cannot meet this
standard.

Sephus contends that the district court erred in permitting
the defendant to impeach Sephus with evidence of his criminal
conviction.  In civil trials, a district court must admit

evidence of a witness' prior felony conviction. <u>Coursey v. Broadhurst</u>, 888 F.2d 338, 342 (5th Cir. 1989). Therefore, Sephus cannot show that the district court erred in admitting the evidence.

Sephus contends that he "was denied his rights to have all his witnesses located and subpoenaed to court." As requested by Sephus, the district court issued writs of habeas corpus ad testificandum requiring the presence of Sephus's witnesses. Sephus has failed to show any error, plain or otherwise, on the part of the district court.

Sephus contends that the jury ignored evidence and that inconsistencies in the testimony of defense witnesses undermine the jury's verdict. Because the transcript has not been provided, it cannot be determined whether Sephus moved for judgment as a matter of law at the close of the trial. Accordingly, Sephus's challenge to the jury verdict is reviewed under the plain-error standard. <u>See</u> <u>Phillips v. Frey</u>, 20 F.3d 623, 627 (5th Cir. 1994). Because Sephus has not produced the transcript, he is unable to meet this standard.

Because the appeal is frivolous, it is DISMISSED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Sephus is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. Sephus is cautioned further to review any pending

appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; INITIAL PARTIAL FILING FEE ASSESSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.