IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40343
Summary Calendar
_____

GARY FRANKLIN LETT

                Plaintiff - Appellant

        v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEX JOHNSON,
Individually & in his official capacity as a Correctional
Officer; ARLIS JONES, Individually & in his official
capacity as a Correction Officer; JIMMY JOHNSON,
Individually & in his official capacity as Correctional
Officer Supervisor; DAN LEWIS, Individually & in his
Official Capacity a Correctional Officer or Lieutenant;
THOMAS CORDLE, Individually & in his official capacity as
Correctional Officer

                Defendants - Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-578
- - - - - - - - - -
July 25, 2000

Before KING, Chief Judge, and JONES and DEMOSS, Circuit Judges.

PER CURIAM:[*]

    Gary Franklin Lett, Texas prisoner # 663855, appeals a

partial judgment dismissing his 42 U.S.C. § 1983 complaint as

frivolous and for seeking monetary damages against a party who is

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) &

(iii).  He also appeals the district court's final judgment from

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a jury trial that he take nothing and that his lawsuit be dismissed. Lett raises the following arguments on appeal: (1) the district court erred when it failed to evaluate his 42 U.S.C. § 1985 claims; (2) the district court erred because it failed to evaluate the entire content of his § 1983 complaint; (3) the district court abused its discretion because it denied his motion for appointment of counsel; (4) the district court erred because it granted the defendants' motion in limine to exclude reports generated by the Internal Affairs Division relating to other use of force incidents by the defendants; (5) the district court abused its discretion when it did not allow Lett to call Ricky Tarver to testify at trial; (6) defense counsel submitted a false advisory to the court stating that psychologist James Cooksey was not employed at the prison and would not appear voluntarily at trial; (7) the district court gave erroneous jury instructions; (8) the district court treated Lett unfairly because he was not able to communicate with his witnesses in the same capacity as defense counsel; (9) Lett satisfied the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994); and (10) the district court erred by allowing defense counsel to introduce at trial the criminal backgrounds of Lett's witnesses.

Lett also filed three motions on appeal. He sought a general discovery order, which included a request for a copy of the trial transcript at Government expense. This court granted his request for a copy of the transcript at Government expense, but denied the discovery motion in all other respects. Lett's

motion for appointment of appellate counsel is DENIED. *See Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). Likewise, his motion for an "emergency injunction" ordering the defendants to return his legal papers is DENIED. *See* Fed. R. App. P. 8(a); *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963)(this court will grant injunctive relief in the first instance only in exceptional circumstances); *Lindsay v. San Antonio*, 821 F.2d 1103, 1107 (5th Cir. 1987).

Contrary to Lett's first argument on appeal, in its partial dismissal the district court addressed his allegation that the defendants' conspired to "coverup" the defendants' alleged wrongful actions. Lett has failed to demonstrate any other basis for a § 1985 claim. Lett's assertion that the district court failed to evaluate the entire content of his § 1983 complaint is conclusional and inadequately briefed. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995).

Lett failed to demonstrate exceptional circumstances that would have justified the appointment of trial counsel. Thus, the district court did not abuse its discretion when it denied Lett's motion for appointment of counsel. *See Wendell*, 162 F.3d at 892; *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The district court did not abuse its discretion when it excluded the reports from the Internal Affairs Division that were unrelated to Lett's use of force incident. *See Gabriel v. City of Plano*, 202 F.3d 741, 744 (5th Cir. 2000). Lett wished to use the reports as character evidence of past wrongful acts. Character evidence may not be used merely to prove action in conformity with past bad

acts. *See* Fed. R. Evid. 404; *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir. 1987). Likewise, the district court did not abuse its discretion when it excluded Tarver's testimony and report as irrelevant. *See United States v. Sanchez*, 988 F.2d 1384, 393 (5th Cir. 1993). Lett asserts that Tarver would have testified that Tex Johnson admitted a failure to report everything that occurred during the altercation with Lett. Nevertheless, Tex Johnson admitted during direct examination that he did not report everything that occurred and that this led to Lett's claim being reopened by the Internal Affairs Division. In light of Johnson's testimony, Lett has failed to demonstrate substantial prejudice that resulted from the exclusion of Tarver's testimony and report which, according to Lett's argument on appeal, would have covered essentially the same issue. *See Gabriel*, 202 F.3d at 744.

Lett next asserts that defense counsel erroneously informed the court that James Cooksey no longer was employed at the Stiles Unit. He also asserts that he was unable to communicate adequately with his witnesses. Neither of these assertions identify any error on the part of the district court and thus fail to raise an appealable issue. Lett's assertions that the district court gave erroneous jury instructions are undeveloped and unsupported. He fails to demonstrate that the district court abused its discretion with regard to the challenged instructions. *See McCoy v. Hernandez*, 203 F.3d 371, 375 (5th Cir. 2000). Lett's conclusional assertion that he somehow satisfied the requirements of *Heck* is inadequately briefed. *See Al-Ra'id*, 69

F.3d at 33.

Finally, the district court did not err when it admitted testimony on cross-examination indicating that Lett's witnesses were convicted felons. The rules of evidence permit the admission of evidence that a witness has been convicted of a crime punishable by imprisonment in excess of one year. *See* Fed. R. Evid. 609(a)(1); *Coursey v. Broadhurst*, 888 F.2d 338, 341-42 (5th Cir. 1989). Accordingly, the district court's judgment is AFFIRMED.

AFFIRMED; ALL MOTIONS DENIED.