United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60979
Summary Calendar

_____

C. W. WATTLE; TRAVELER'S INSURANCE COMPANY

Plaintiffs - Appellees,

versus

BARKO HYDRAULICS L.L.C.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(No. 1:01-CV-195-M)

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Barko Hydraulics L.L.C. ("Barko") manufactures large and expensive machines

called "feller-bunchers." Used in the logging industry, feller-bunchers utilize saws to

shear off trees near their base and metal arms to stack the logs on the ground. C.W. Wattle

("Wattle"), a veteran logger with 30 years of experience, purchased a feller-buncher from

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

Barko in 1998. Soon after the purchase, Wattle was operating the feller-buncher when it caught on fire, destroying much of the machine. Wattle sued Barko for breach of various warranties. After a three-day trial, during which experts testified on the cause of the fire and the value of the feller-buncher, the jury returned a verdict for Wattle. Barko moved the district court for judgment as a matter of law and for a new trial. Both motions were denied, Barko appeals.

We must affirm the district court's denial of Barko's motion for a new trial unless there is a "clear showing of an abuse of discretion" by the district court. Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1049 (5th Cir. 1998). Barko argues that the district court abused its discretion by allowing the submission of expert opinions,[2] after the close of discovery, from Jim Swain ("Swain") and Dan Olsen ("Olsen")—both of whom testified as to the cause and origin of the fire. In particular, Barko claims that it was prejudiced by the late-designated experts. See Campbell v. Keystone Aerial Surveys, 138 F.3d 996 (5th Cir. 1998); Bradley v. U.S., 866 F.2d 120 (5th Cir. 1989). In the cases Barko relies on, the parties were prejudiced because they lacked adequate time to prepare for the expert witnesses; here, however, Barko had ample opportunity to prepare—Swain and Olsen

---

[2] Barko has two other complaints regarding witnesses. First, Barko argues that Wattle inappropriately testified to the after-value of the feller-buncher, an argument without merit considering Wattle did not testify at all about the after-value of the feller-buncher. Second, Barko asserts that the testimony of another witness on the issue of damages, Dexter Meredith, was prejudicial because Barko "had no idea" about the contents of Meredith's opinions. The evidence does not support Barko's claim: Meredith was listed as a witness on the pretrial order and his background as a claims adjuster was also disclosed.

were designated by Wattle over a year before trial.

Barko also asserts that Olsen's testimony was neither relevant nor reliable, two requirements for admission of expert testimony. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). The district court concluded, based on Olsen's professional background, the scope of his investigation, and the methodology of his report, that Olsen's report was reliable. Barko fails to rebut these findings, instead offering arguments that conflate the reliability of the report with its correctness. But as this Court has noted, under Daubert one "need not prove to the judge that the expert's testimony is correct." Moore v. Ashland Chemical Inc., 151 F.3d 269, 276 (5th Cir. 1998). The district court did not abuse its discretion, and accordingly we will not overturn its denial of Barko's motion for a new trial.

Barko also claims that he deserves judgment as a matter of law. We review the district court's ruling on a motion for judgment as a matter of law de novo. See, e.g., Mississippi Chemical Corp. v. Dresser-Rand Co., 287 F.3d 359, 365 (5th Cir. 2002). A judgment as a matter of law is granted by the district court if "there is no legally sufficient evidentiary basis for a reasonable jury to find" for Wattle. Fed. R. Civ. P. 50(a); Whitehead v. Food Max of Mississippi, Inc., 3 F.3d 265, 269 (5th Cir. 1998). Barko relies exclusively on Coursey v. Broadhurst, 888 F.2d 338 (5th Cir. 1989). In Coursey, the plaintiff failed to submit any proof of the after-value for the tractor of his damaged tractor-trailer, and the plaintiff lost his appeal because of that omission. Barko asserts that Coursey requires this Court to separate a product into its component parts and the parties to offer proof of

3

damage for each component. Specifically, Barko argues that the sawhead and the rest of the feller-buncher were in fact two separate entities, and that Wattle's failure to offer proof of damage to the sawhead alone entitles Barko to judgment as a matter of law. There is no language in Coursey, however, to support Barko's contention. The court there was faced with the limited question of sufficiency of proof vis-à-vis the tractor—the question of trailer damages was not appealed—and did not face the questions of first, whether the trailer was part of the tractor or vice versa, or second, whether proof of damage to the tractor-trailer was sufficient for the tractor alone.[3] Barko's reliance on Coursey is thus misguided and the district court was correct to find that the proof of damages for the whole feller-buncher was proper.

Accordingly, we AFFIRM the judgment of the district court.

_____

[3] We also reject Barko's objection to the jury instructions because the objection was premised on this faulty separation claim.