# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60290

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2018

Lyle W. Cayce
Clerk

WACHOB LEASING COMPANY, INCORPORATED,

Plaintiff - Appellant

v.

GULPORT AVIATION PARTNERS, L.L.C., doing business as Million Air Gulfport-Biloxi; UNITED STATES OF AMERICA,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-237

Before HIGGINBOTHAM, SMITH, and CLEMENT Circuit Judges.

PER CURIAM:*

This case is about a damaged aircraft and the appropriate measure of damages under Mississippi law. Plaintiff Wachob Leasing Company, Inc. ("Wachob") owned a 2007 Cessna Citation 680 Sovereign aircraft, which was parked at the Gulfport-Biloxi International Airport at a facility owned and operated by Defendant Gulfport Aviation Partners, L.L.C., d/b/a Million Air Gulfport-Biloxi ("Million Air"). In April 2014, Million Air personnel directed a helicopter, operated by the Mississippi Army Reserve National Guard, to park

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60290

at Million Air's facility. While taxiing, the helicopter's rotor blades struck a light pole, and the debris damaged Wachob's aircraft. At the time of the accident, Wachob's aircraft had a market value between $7.7 million and $8.5 million.[1] After the accident, Wachob turned to Cessna for repair or replacement options and, after considering the projected repair costs and the unavailability of a suitable preowned aircraft, purchased a new Citation 680 Sovereign with the same ten-seat configuration at a net cost of $13.2 million.

Wachob then sued Million Air and the Government, asserting bailment and negligence claims against Million Air and a negligence claim against the Government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Wachob sought compensatory damages for, among other things, the cost of the replacement aircraft. The Government moved for partial summary judgment to limit Wachob's recovery to Mississippi's so-called "before and after" rule—*i.e.*, damages equal pre-accident fair market value of the property at issue less its salvage value. The court granted the motion.

Thereafter, but before trial, Million Air and the Government filed a Stipulation of Liability ("Stipulation"), conceding liability to Wachob "for all legally recoverable damages" and agreeing that the Government would pay 80% of the judgment and Million Air would pay 20%. The court adopted the Stipulation over Wachob's objections.

A jury determined the pre-accident fair market value of the aircraft to be $7.8 million and the salvage value to be $2.7 million. Accordingly, the court awarded Wachob $5.1 million against Million Air and the Government. The Government moved to amend the judgment to specify "the amount owed by

---

[1] Wachob purchased the aircraft because it was lightweight and could operate at small airports with short runways. A Cessna Citation 680 Sovereign ordinarily seats eight or nine people; however, Wachob ordered its aircraft to seat ten passengers.

No. 17-60290

each Defendant" and requested that the court assign 80% of the judgment to the Government and 20% to Million Air, which the court granted over Wachob's opposition. Wachob timely appeals, arguing that the district court erred in applying the "before and after" rule to limit Wachob's recovery.[2]

We review de novo the district court's decision to grant partial summary judgment on the appropriate measure of damages.[3] Mississippi law generally recognizes two methods of determining damages to personal property.[4] "When property is repairable, fair compensation encompasses the reasonable costs of repair plus the depreciation in fair market value of the property caused by the accident, even with the repairs."[5] "When property . . . is so badly damaged that the cost of repair exceeds its fair market value before the accident—a 'total loss'—courts apply the 'before and after' rule: Damages equal the fair market value of the [property] before the [accident] less its fair market value immediately thereafter."[6]

Here, the district court determined that the cost of repairs to Wachob's aircraft exceeded its fair market value, and thus applied the "before and after" rule. Wachob acknowledges the "before and after" rule but insists that it is

---

[2] Wachob additionally argues that the district court erred when it apportioned Million Air's liability in the absence of any finding of fact by the jury. Wachob relies on Section 85–5–7(5) of the Mississippi Code, which provides that "[i]n actions involving joint tort-feasors, the trier of fact shall determine the percentage of fault for each party alleged to be at fault without regard to whether the joint tort-feasor is immune from damages." MISS. CODE ANN. § 85–5–7(5). Wachob objected to the district court's adoption of the Stipulation; however, Wachob cabined those objections to prejudgment interest. Wachob therefore failed to make its argument concerning Section 85–5–7(5) of the Mississippi Code below, thereby waiving the argument on appeal. *See, e.g.*, *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

[3] *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991) (explaining that this Court should review "de novo a district court's determination of state law").

[4] *Coursey v. Broadhurst*, 888 F.2d 338, 344 (5th Cir. 1989).

[5] *Id.*

[6] *Id.*

No. 17-60290

inapplicable. Wachob claims that the "question actually at issue" is "using replacement cost to measure damages to unique or unusual property, for which there may be no market, or for which market value does not accurately reflect the value to the plaintiff." Contending that its aircraft is such property, Wachob relies on *Bell*,[7] *State Stove*,[8] *Louisville & N. R. Co.*,[9] and *Austin*.[10] Wachob's case, however, is not like those cases. In *Bell*, the Mississippi Supreme Court did not utilize replacement cost as the measure of damages.[11] In addition, the properties at issue in *State Stove, Louisville & N. R. Co.*, and *Austin*—clothing apparel or household goods, an oil painting, and architectural drawings, respectively—are not of the same ilk as Wachob's aircraft. The district court therefore did not err in deploying the "before and after" rule.

AFFIRMED.

---

[7] *Bell v. First Columbus Nat'l Bank*, 493 So. 2d 964, 970 (Miss. 1986) (allowing bank to "proceed upon a reasonable cost of replacement and repair theory" "where replacement of damaged or missing fixtures with new items is the only practicable means of restoring the facility to a valuable, marketable condition").

[8] *State Stove Mfg. Co. v. Hodges*, 189 So. 2d 113, 124–25 (Miss. 1966) (explaining that damages to the owner's wearing apparel or household goods destroyed in a home explosion may include "an estimate of replacement costs" along with other factors).

[9] *Louisville & N. R. Co. v. Stewart*, 29 So. 394, 394 (Miss. 1901) (concluding that proper measure of damages regarding family portraits was not fair market value, "since such articles have no market value, but . . . the actual value to him who owns the portraits, taking into account the cost, the practicability and expense of replacing it, and such other considerations as in the particular case affect its value to the owner") (internal quotation marks omitted).

[10] *Austin v. Millspaugh & Co.*, 43 So. 305, 306 (Miss. 1907) (finding that because lost plans and specifications had no market value, "the rule of damages seems then to be its value to the plaintiff") (internal quotation marks omitted).

[11] *Bell*, 493 So. 2d at 970 (adopting approach set forth by the North Dakota Supreme Court—"either diminution in value or cost of repair is the appropriate measure of damages for waste") (quoting *Meyer v. Hansen*, 373 N.W.2d 392, 396–97 (N.D. 1985)).