**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 98-10958

---

MICHAEL MCCOY,

Plaintiff-Appellant,

versus

SAMUEL HERNANDEZ, VICTOR ESTRADA,
GUADALUPE ALVARADO

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas

---

February 17, 2000

Before WIENER and STEWART, Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:

Appellant, Michael McCoy ("McCoy") challenges the district court's refusal to apply the doctrine of collateral estoppel in his § 1983 action against several officers in the Dallas Police Department. For the following reasons we affirm.

---

[*] Senior District Judge John M. Shaw of the Western District of Louisiana, was a member of the panel that heard oral argument on this case, but because of his death on December 24, 1999, he did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. §46(d).

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of September 29, 1994 McCoy and his business partner, Jim Franklin ("Franklin") were involved in a physical altercation. The altercation took place on McCoy's property where McCoy and Franklin lived in separate residences that were joined together by a breezeway. On the night of the incident, defendant police officers Samuel Hernandez ("Hernandez"), and Victor Estrada ("Estrada"), arrived at the scene and were told by Franklin that McCoy had threatened him with a gun. Before arresting McCoy, Hernandez and Estrada called their supervisor, Guadalupe Alvarado ("Alvarado", collectively "defendants" or "officers") to the scene. The officers received Franklin's permission to enter McCoy's residence to search for the weapon. Upon searching McCoy's bedroom the officers discovered a 9mm pistol.

McCoy was charged with a Class A misdemeanor for Family Violence-Deadly Conduct. During his trial, McCoy moved to have the gun suppressed. He argued that the search of his home violated the Fourth Amendment of the United States Constitution, because Franklin did not have authority to grant the officers permission to search his residence. The court granted the motion to suppress, and excluded introduction of the weapon into evidence. McCoy was subsequently acquitted.

In September 1996, McCoy filed the present action against Hernandez, Estrada, and Alvarado in their individual capacities. McCoy brought suit under 42 U.S.C. §§ 1983 and 1988, alleging that the defendants had falsely arrested him and conducted an illegal search of his home. The defendants moved for summary judgment arguing that qualified immunity protected them from liability. The district court, upon a recommendation from a magistrate judge, found that the officers were entitled to qualified immunity on the false arrest claim.

2

McCoy's illegal search claim went to trial in July 1998. The jury found that the officers were not liable. McCoy moved for an "instructed verdict" arguing that the search of his home had already been found to be illegal in the criminal proceedings, and thus under the doctrine of collateral estoppel this issue should not have been relitigated. The district court denied McCoy's motion and entered judgment in favor of the defendants according to the jury's verdict.

DISCUSSION

McCoy argues on appeal that the district court erred in not applying the doctrine of collateral estoppel to the illegal search issue. Specifically, he contends that the district court should have granted his motion for an "instructed verdict," based on application of collateral estoppel. McCoy further contends that the district court erred in its jury instruction on the law regarding valid consent to search a residence. Finally, the appellant argues that the district court erred in submitting the question of qualified immunity to the jury.

I.      Collateral Estoppel

McCoy argues that the district court erred by not granting his motion for an "instructed verdict" on the basis that the doctrine of collateral estoppel should have been applied to the illegal search issue. A motion for an instructed verdict or directed verdict should be treated as a motion for judgment as a matter of law. FED. R. CIV. P. 50 advisory committee's note 1991 Amendment. We review rulings on a judgment as a matter of law de novo, employing the same standards that the district court applied. Resolution Trust Corporation v. Cramer, 6 F.3d 1102, 1109 (5th Cir. 1993) (citations omitted). If the facts and inferences point so strongly and overwhelmingly in

favor of the moving party and no reasonable jurors could have arrived at a contrary verdict, then we will conclude that the motion should have been granted.  Id.

We must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed. 2d 56 (1984).  Thus, Texas law governs the preclusive effect of the Texas criminal court's rulings in the present case.  See Stafford v. True Temper Sports, 123 F.3d 291, 294-95 (5th Cir. 1997).  Under Texas law, the party seeking to assert the bar of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.  Sysco Food Services v. Trapnell, 890 S.W. 2d 796, 801 (Tex. 1994) (citations omitted); see also State Farm Fire & Casualty Company v. Fullerton, 118 F.3d 374, 377 (5th Cir. 1997).  Strict mutuality of parties is no longer required.  However, to fulfill the requirements of due process it is necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action.  Trapnell, 890 S.W.2d at 802.

In the present case, privity of the parties is the central question in determining whether collateral estoppel may be asserted against the defendant officers.  The officers were not parties to the criminal proceedings, because that action was brought against McCoy by the State of Texas. Therefore, in order to successfully assert collateral estoppel, McCoy must demonstrate that the officers were in privity with the state.  Parties are in privity for the purposes of collateral estoppel when: (1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims

4

through a party to the prior action.  HECI Exploration Company v. Neel, 982 S.W. 2d 881, 890 (Tex. 1998).

Applying these factors to the present case it is clear that the officers were not in privity with the State of Texas which was party to the criminal proceedings.  First, the officers did not control the criminal proceedings.  The officers were merely witnesses for the state in their prosecution of McCoy.[2]  The officers did not participate in the questioning of witnesses, influence the planning of trial strategy, nor could they appeal the ruling of the court at the suppression hearing.  Next, the State of Texas did not represent the officers' interests.  The State of Texas's primary objective in the criminal proceedings was to secure a conviction of McCoy, not to demonstrate that the officers had performed their functions properly.  Obviously, showing that the search of McCoy's home was legal was important for the state's case.   However, the state was not directly representing the officers' interests.  Finally, the officers were not successors in interest to the state.  Therefore, McCoy has failed to establish that the officers were in privity with the state, and thus the district court properly refused to apply the doctrine of collateral estoppel.

The decisions of our sister circuits support our holding that a § 1983 plaintiff may not invoke the doctrine of collateral estoppel against officers following a favorable ruling in a prior criminal proceeding.  In Kinslow v. Ratzlaff, 158 F.3d 1104, 1105-06 (10th Cir. 1998), the plaintiff filed a § 1983 action against police officers alleging false arrest and unlawful search and seizure after the criminal charges against the plaintiff were dismissed by the state court.  The Tenth Circuit held that issue preclusion could not be applied to the officers because they were not in

---

[2] Only Officer Hernandez testified for the prosecution at the suppression hearing.  Officers Estrada and Alvarado did not appear at the suppression hearing.

5

privity with the State of Oklahoma. Id. The court found that the mere fact that the officers were interested in proving a state of facts which were presented in the criminal proceedings does not establish that the officers were in privity with any of the parties in the prior action. Id. at 1106. See also, Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996), cert. denied, 519 U.S. 1113, 117 S.Ct. 952, 136 L.Ed.2d 840 (1997) (finding that collateral estoppel should not be applied in a federal civil rights case against defendant officers, because the officers were not parties to the state court proceedings and did not have a full and fair opportunity to litigate the issue in question); Davis v. Eide, 439 F.2d 1077, 1078 (9th Cir. 1971), cert. denied, 404 U.S. 843, 92 S.Ct. 139, 30 L.Ed. 2d 78 (1971) (collateral estoppel should not be applied to officers because officers not in control of criminal proceeding, and had no personal interest in outcome, thus officers not in privity with the state); Duncan v. Clements, 744 F.2d 48, 51-53 (8th Cir. 1984) (same).[3] Thus, based on our conclusion that the officers were not in privity with the state we find that the district court did not err in denying McCoy's motion for judgment as a matter of law.

II.     Jury Instruction

McCoy argues that the district court erred by giving an insufficient instruction on the issue of consent to search. We review the district court's jury instructions for abuse of discretion.

---

[3] McCoy argues that the we should agree with Eighth Circuit's holding in Patzner v. Burkett, 779 F.2d 1363 (8th Cir. 1985). In Patzner, the court found that the officers' were liable under § 1983 for the illegal arrest of the plaintiff. This was an independent finding made by the court, however, and was not based on the application of collateral estoppel. In a footnote, the court suggests that res judicata would be an alternative basis for the court's decision. Id. at 1369, n. 7. The difference between res judicata law in North Dakota and the law of Texas is that in North Dakota persons may be deemed in privity with one another when one person's liability is *derivative* from the other's. See Medearis v. Miller, 306 N.W. 2d 200,203 (N. D. 1981). Thus, Patzner is not directly applicable to the present case because North Dakota res judicata requirements are not as stringent as those in Texas.

6

Barton's Disposal Serv., Inc. v. Tiger Corp., 886 F.2d 1430, 1434 (5th Cir. 1989). We will not reverse a judgment based on a finding of an erroneous jury instruction unless there is a "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Bender v. Brumley, 1 F.3d 271, 276-77 (5th Cir. 1993).

In the present case, the court gave the following jury instruction:

> Ordinarily, a police officer may not search a home unless he has obtained a search warrant from a judicial officer. However, there are certain exceptions to this requirement. One is a search conducted by consent. If a person in lawful possession of a home freely and voluntarily consents to a search, an officer may lawfully conduct the search to the extent of that consent. A search to which consent is given does not require a warrant. If valid consent is not given, the search is unlawful even if illegal items are found as a result of the search. An officer is not liable for an unlawful search simply because evidence seized in the search is later suppressed by a criminal court. Thus, if you find that the officers did not have a <u>reasonable belief that valid consent</u> to search had been given to them, then you must find the search unlawful regardless of what was found as a result of the search.

(emphasis added). McCoy argues that this instruction does not direct the jury as to how to apply the facts of this case to the law because the instruction does not ask the central question of whether it was reasonable for the officers to believe that Franklin had the authority to consent to a search of McCoy's residence. McCoy specifically contends that the jury instruction does not incorporate the holding of Illinois v. Rodriguez, 497 U.S. 11,110 S.Ct. 2793, 111 L.Ed. 2d 148 (1990). The Supreme Court in Rodriguez held that the Fourth Amendment is not violated when officers enter a residence without a warrant because they reasonably believe that the person who has consented to their entry is a resident of the premises. The jury instruction in the present case sufficiently conveys this holding. The instruction specifically describes valid consent, and also

7

states that the officer must have a reasonable belief that valid consent has been given. Thus, McCoy's argument that the jury instruction was insufficient is without merit.

III.     Jury Verdict on Qualified Immunity

McCoy argues that the district court erred when it submitted the question of whether the officers were entitled to qualified immunity to the jury. McCoy contends that only the court may decide the qualified immunity issue. However, we have previously held that while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct. Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir. 1998). Therefore, McCoy's argument regarding the submission of the qualified immunity issue to the jury is without merit.

CONCLUSION

We find that the district court properly refused to apply the doctrine of collateral estoppel to the officers because they were not in privity with the State of Texas. We also find that the district court did not err in its instructions to the jury or in its submission of the qualified immunity issue to the jury.

AFFIRMED.

8