IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40936
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE PIECE OF REAL PROPERTY
LOCATED IN HIDALGO COUNTY, TEXAS,

Defendant,

TERESA MENDIOLA,

Claimant-Appellant,

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CV-283
- - - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Teresa Mendiola appeals from a jury's finding that she knew of and consented to drug trafficking activity on her property. In accordance with the jury's finding on this subject, the district court ordered the forfeiture of Mendiola's property pursuant to 21 U.S.C. § 881(a)(7). Mendiola argues that the district court abused its discretion when it did not include the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement of actual knowledge in the jury verdict form as requested by her.  In her notice of appeal, Mendiola indicated that she was seeking review from the district court's denial of her motion for a new trial, but she did not designate the underlying judgment for appeal.  Nevertheless, the Government addressed the underlying judgment in its brief and was not prejudiced by Mendiola's failure to comply strictly with Fed. R. App. P. 3(c).  *See Turnbull v. United States*, 929 F.2d 173, 176-77 (5th Cir. 1991).

Although not included in the written verdict form, the district court orally instructed the jury that it must find actual as opposed to constructive knowledge.  *See United States v. Jones*, 132 F.3d 232, 245 (5th Cir. 1998).  Likewise, Mendiola's attorney emphasized to the jury during closing argument that the knowledge must be actual rather than constructive.  *See Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1998); *Consolidated Cigar Co. v. Texas Commerce Bank*, 749 F.2d 1169, 1173 (5th Cir. 1985).  The district court did not abuse its discretion when it denied Mendiola's request that the term "actual knowledge" be included in the verdict form.  *See McCoy v. Hernandez*, 203 F.3d 371, 375 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.