**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-10713
_____

WOODY GERARD SOLOMON

Plaintiff-Appellant,

versus

CHARLES SUGGS, ET AL.,

Defendants,

TED VINITA; PAUL H. PRIMICH; HOWARD O'CONNOR;
NFN RASPBERRY, Nurse; NFN GALLE, Nurse;
JAIME QUINTANILLA; CRAIG RAINES;
RONALD DREWRY

Defendants-Appellees.

* * * * * * * * * * * * *

WOODY GERARD SOLOMON,

Plaintiff-Appellant,

versus

CHARLES SUGGS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 1:96-CV-224-C & 1:98-CV-29-C

_____

November 17, 2000

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Woody Gerard Solomon ("Solomon"), Texas state prisoner # 618624 appearing pro se, appeals from a judgment in favor of the defendants following a jury trial on his claims of excessive use of force and failure to protect. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Solomon filed this 42 U.S.C. § 1983 civil rights complaint against Corrections Officers Charles Suggs ("Suggs"), Ted Vinita ("Vinita"), Paul Primich ("Primich"), and Howard O'Connor ("O'Connor"); Nurses Raspberry and Galle; Captain Jaime Quintanilla ("Quintanilla"); Assistant Warden Craig Raines ("Raines"); and Senior Warden Ronald Drewry ("Drewry"). He alleged claims of excessive use of force, failure to protect, deliberate indifference to serious medical needs, and various other claims in connection with a May 3, 1996, random search of his cell in which guards purportedly attacked him and which resulted in injuries to him, including a broken ankle.

Following a Spears hearing, conducted by the magistrate judge, the district court dismissed Solomon's claims against Quintanilla, Nurses Raspberry and Galle, and Drewry and ordered that Suggs, Vinita, Primich, O'Connor, and Raines should each file a written answer to Solomon's claims. Twice thereafter Solomon sought leave to amend his complaint in order to bring claims against persons that he had mentioned, but did not name as defendants, in his original complaint. The district court denied these motions.

Following trial, the jury returned a verdict finding that: (1) Suggs, Vinita, Primich, and

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

O'Connor did not use force maliciously and sadistically for the purpose of causing harm and (2) Raines did not act with deliberate indifference to Solomon's safety.

## DISCUSSION

On appeal, Solomon contends that: 1) the district court abused its discretion in denying his motions for leave to amend his complaint; 2) the district court erred in submitting the issue of qualified immunity to the jury; 3) the district court abused its discretion in instructing the jury on excessive use of force and failure to protect; 4) the district court abused its discretion at trial in excluding certain documentary evidence and in allowing certain testimony; 5) the trial judge's conduct deprived him of a fair trial; 6) the jury was biased against him; and 7) the district court erred in denying his motion for a new trial.

### I.    Motions for Leave to Amend Complaint

Solomon argues that the district court erred in denying his first motion for leave to amend his complaint filed April 3, 1997. He also contends that the district court abused its discretion in denying his second motion to amend his complaint filed May 27, 1997. He complains that the court denied his motions without providing reasons. This Court reviews the denial of a motion to amend a complaint for abuse of discretion. Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998), cert. denied 120 S. Ct. 130 (1999).

Solomon filed his motions for leave to amend his complaint after the Spears hearing. In its order entered after the hearing, the district court not only dismissed Solomon's claims against several named defendants, but also stated why Solomon's claims against persons merely mentioned in his complaint were not viable. Thus, because the court had already determined that Solomon's claims against the persons he sought to add as defendants were not viable, if it erred in denying his motions

3

to amend, such error was harmless.

II.    The District Court's Submission of Qualified Immunity to the Jury

Solomon argues that the district court erred in submitting the issue of qualified immunity to the jury. The issue of qualified immunity ordinarily should be decided by the court before trial. Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir. 1998), cert. granted in part, 525 U.S. 1098 (1999), cert. dismissed, 526 U.S. 1083 (1999). "If the issue is not decided until trial, the defense is not waived but goes to the jury, which 'must determine the objective legal reasonableness of [the] officer's conduct by construing the facts in dispute.'" Id. at 799-800 (quoting Melear v. Spears, 862 F.2d 1177, 1184 (5th Cir. 1989)). Because there were remaining disputed issues of material fact relative to immunity, the district court did not err in submitting the issue to the jury. See id. (citing Presley v. City of Benbrook, 4 F.3d 405, 410 (5th Cir. 1993)).

Solomon also makes the conclusory argument that the district court's instruction on qualified immunity was erroneous. This Court reviews a district court's jury instructions for abuse of discretion. McCoy v. Hernandez, 203 F.3d 371, 375 (5th Cir. 2000). "We will not reverse a judgment based on findings of an erroneous jury instruction unless there is a 'substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'" Id. (quoting Bender v. Brumley, 1 F.3d 271, 276-77 (5th Cir. 1993)). Solomon has wholly failed to demonstrate an abuse of discretion in the court's instruction on qualified immunity.

III.   Jury Instructions on Excessive Force and Failure to Protect

Solomon claims that the district court's instruction on excessive force was deficient. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

Hudson, 503 U.S. at 6-7 (1992). The factors that are considered in this "core judicial inquiry" include:

1. the extent of the injury suffered;
2. the need for the application of force;
3. the relationship between the need and the amount of force used;
4. the threat reasonably perceived by the responsible officials; and
5. any efforts made to temper the severity of a forceful response.

Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998) (quoting Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992)). These factors are non-exclusive, and cases should be judged by their individual facts. Id. at 838. The district court's instruction accurately set forth the law governing claims of excessive force in violation of the Eighth Amendment. The court's instruction included the core judicial inquiry set forth in Hudson as well as the non-exclusive factors.

Solomon contends that the district court's instruction on failure to protect was erroneous because it did not adequately define deliberate indifference. The test for determining whether a prisoner has established a constitutional violation consists of both objective and subjective components. Harper v. Showers, 174 F.3d 716, 719-20 (5th Cir. 1999). Under the subjective standard, the prisoner must "establish that the responsible prison official acted with deliberate indifference to his conditions of confinement." Id. at 720. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The district court instructed the jury that:

a prison official may only be held liable under the Eighth Amendment for denying

5

humane conditions of confinement if he knew the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to prevent it. A prison official's duty under the Eighth Amendment is only to ensure 'reasonable safety,' not to guarantee freedom from any harm. Therefore, even when prison officials actually know of a substantial risk to an inmate's health or safety, they may be found free from liability if they responded to the risk, even if the harm ultimately was not averted.

The district court's charge adequately defined deliberate indifference, and Solomon has not demonstrated that the court abused its discretion.

Solomon also complains that questions 1 and 2 of the jury instructions confused the jury and were inadequate. Question 1 asked if any of the named defendants used "force against Plaintiff maliciously and sadistically for the purpose of causing harm, if any, which proximately caused Plaintiff's injuries on May 3, 1996." Question 2 asked whether Raines acted with "deliberate indifference to the safety of Plaintiff on May 3, 1996, which proximately caused his injuries." Solomon has not shown that the court abused its discretion in submitting these questions to the jury.

IV.    The District Court's Evidentiary Rulings

Solomon argues that the district court abused its discretion in refusing to admit into evidence the entirety of Plaintiff's Exhibit #71, the Internal Affairs Division report of the May 3, 1996, incident. He also claims that the court abused its discretion in refusing to allow the jury to view the use-of-force video during the trial. This Court reviews a district court's ruling to exclude evidence for abuse of discretion. McDonald v. Steward, 132 F.3d 225, 232 (5th Cir. 1998). "However, we 'will not disturb an evidentiary ruling, albeit an erroneous one, unless it affects a substantial right of the complaining party.'" Id. (quoting Polythane Sys. Inc. v. Marina Ventures Int'l Ltd., 993 F.2d 1201, 1208 (5th Cir. 1993)). The party asserting error has the burden of proving substantial prejudice. Id. Solomon has not shown substantial prejudice with respect to the exclusion of portions

6

of the Internal Affairs Division report. Nor has he demonstrated that the district court abused its discretion in refusing to allow the jury to view the use-of-force video during trial. The court did not exclude the video, but admitted it and made it available to the jury during deliberations.

Solomon also contends that the court abused its discretion in allowing into evidence opinion and expert testimony of Nurse Sammy Clements ("Clements") and Raines. However, he has not established abuse of discretion. Moreover, even if Clements' and Raines' testimony could be characterized as expert testimony, any error in admitting their testimony was harmless given both witnesses' qualifications and experience. See United States v. Griffith, 118 F.3d 318, 323 (5th Cir. 1997) (subjecting the erroneous admission of expert testimony to harmless error analysis).

V.    The District Court's Alleged Bias

Solomon argues t hat the purported bias of the trial judge deprived him of a fair trial. He complains that the judge's "objections, interruptions, comments, time limitations, and his overall decisions to control the pace of the trial" held him to the standard of an attorney and adversely affected his presentation of evidence.

"[A] district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial." Sims v. ANR Freight System, Inc., 77F3d 846, 849 (5th Cir. 1996). The judge must be neutral, but should not be a "passive spectator." Id. He may, in his sound discretion, "comment on evidence, question witnesses, elicit facts not yet adduced, or clarify those previously presented. He may maintain the pace of the trial by interrupting or setting time limits on counsel." Id. Solomon has not demonstrated that the trial judge's conduct went beyond the limits of his discretion.

VI.    The Jury's Alleged Bias

Solomon also complains that the jury was biased against him. He has not shown any such bias.

VII.    The District Court's Denial of Solomon's Motion for a New Trial

Solomon argues that the district court abused its discretion in denying his motion for a new trial. He complains that the court did not provide reasons for denying his motion.

He also contends that the jury verdict was against the weight of the evidence. We find this claim to be without merit. There was ample evidence to support the jury's credibility decisions and ultimate factual determinations. Solomon has not established abuse of discretion in the court's denial of his motion for a new trial.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment in favor of the defendants. AFFIRMED.