**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-60410**
**Summary Calendar**

_____

**RANDY BRASWELL; WORLDWIDE MACHINERY SALES, INC.,**

**Plaintiffs-Appellants,**

**versus**

**ILLINOIS CENTRAL RAILROAD COMPANY,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(3:99-CV-173-BN)**

February 12, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court erred in granting judgment as a matter of law in favor of Illinois Central Railroad Company (ICRR) at the close of plaintiffs' case.

Braswell and his company, Worldwide Machinery Sales (Braswell), alleged that the ICRR's negligence in maintaining a railroad bridge south of Magnolia, Mississippi, restricted the flow of the Little Tangipahoa River, causing flooding of Braswell's property in January and March 1999. Braswell had the burden of

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proving ICRR's bridge was a substantial contributing cause of his damages. *See* **Ga. Pac. v. Armstrong**, 451 So. 2d 201, 205 (Miss. 1984) ("[T]he burden is upon the [upper riparian land owner] to show that the acts of the lower riparian landowner were a substantial contributing cause of the damages he suffered.").

In ruling from the bench, the district court summarized: *no eyewitnesses could explain what had occurred at the bridge at the time of the flooding, and the court had excluded Braswell's experts (those who could explain why the flooding occurred; Braswell does not appeal that ruling);* therefore, the evidence was insufficient to send the case to the jury. Furthermore, "[t]he pictures [of the scene following the flood] are certainly graphic in describing and showing the amount of debris that was present there, but that was taken two days later. The court nor the jury has any way of determining whether, in fact, that debris was present, [or] whether it obstructed [the river's flow at the time of the flood]". It stated:

> [I]n the absence of any experts and in the absence of any direct testimony and [with] a very, very minimal amount of even circumstantial evidence, the court finds that there is simply no reason why this motion should not be granted ....

"We review rulings on a judgment as a matter of law *de novo*, employing the same standards that the district court applied." **McCoy v. Hernandez**, 203 F.3d 371, 374 (5th Cir. 2000). "In evaluating such a motion ... the court is to view the entire trial

2

record in the light most favorable to the non-movant and draw all inferences in its favor." ***Omnitech Int'l, Inc. v. Clorox Co.***, 11 F.3d 1316, 1323 (5th Cir.), *cert. denied*, 513 U.S. 815 (1994).

The record is devoid of evidence from which a jury could infer that the ICRR bridge was a substantial cause of the flooding of Braswell's property. "[A]fter viewing the trial record in the light most favorable to the nonmovant, there is no 'legally sufficient evidentiary basis' for a reasonable jury to have found for the prevailing party". ***Hill***, 121 F.3d at 170 (quoting FED. R. CIV. P. 50(a)).

***AFFIRMED***
