IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10754
Summary Calendar
_____

PIEDAD GONZALES,

Plaintiff-Appellee-Cross-Appellant,

versus

BRIAN C. ENGLAND, Garland Police Officer, Badge #267,

Defendant-Appellant-Cross-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2673-R)
--------------------
June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee-Cross-Appellant Piedad Gonzales filed a civil rights complaint against Garland, Texas, Police Officer Brian England, in which she alleged an unconstitutional seizure and arrest as well as the use of excessive force. After a jury determined that Gonzales had not proved any of her claims, the district court rendered a take-nothing judgment. The court denied Gonzales's motion for a judgment as a matter of law or a new trial, and denied England's motion to re-tax costs pursuant to Fed. R. Civ. P. 54(d). We affirm the district court's take-nothing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and its denial of Gonzales's motion, and we remand the issue of taxing costs under Rule 54(d) so that the district court can either explicate its denial of England's motion or re-tax costs.

I.

Gonzales argues on appeal that the district court erred by denying her motion because, as a matter of law, England effectuated an unconstitutional stop. She urges us to reverse the take-nothing judgment and render a judgment in her favor.

We review the district court's denial of Gonzales's motion de novo, applying the same standard as the district court. See Piotrowski v. City of Houston, 237 F.3d 567, 576 n.9 (5th Cir. 2001). The district court properly grants such a motion only if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree. Id.

Pursuant to Terry v. Ohio, 392 U.S. 1, 30 (1968), "police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion. Id. A police officer may acquire such facts in the form of information through police channels, including the National Crime Information Center (NCIC). See United States v.

2

Hensely, 469 U.S. 221, 232 (1985); Brooks v. George County, Miss., 84 F.3d 157, 167 n.12 (5th Cir. 1996).

The NCIC printout received by England in response to an inquiry about Gonzales's license number described a vehicle that matched the description of her car. That printout indicated that the car might be stolen —— which it had been at one time. This report was more than a mere "tip." In addition, England testified that he had been advised during evening lineup that authorities were "having trouble" with thefts of GM model vehicles in his district. The district court did not err by denying the motion for a judgment as a matter of law, and Gonzales is not entitled to a verdict in her favor.

Gonzales also argues that the district court's jury instruction was erroneous because it "totally failed to present the jury with a charge allowing for the Plaintiff's recovery for an unconstitutional stop" and because it failed to guide the jury in its determination whether England had probable cause to arrest her for "the crimes of theft or auto theft and/or resisting arrest." Gonzales also argues that the jury should have been "guided" further regarding the criteria for a resisting-arrest offense under Texas law, and for self-defense. Her arguments are misguided, however, because the proper inquiry was whether England could reasonably believe that Gonzales had committed an offense, not whether Gonzales could have been successfully prosecuted for the offense. See Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001).

We review a district court's jury instructions for abuse of discretion. McCoy v. Hernandez, 203 F.3d 371, 375 (5th Cir. 2000). We will not reverse a judgment when we conclude that a jury instruction is erroneous unless there is a substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. Id. Gonzales has not shown that the district court abused its discretion in denying her requested jury instruction. We therefore affirm the take-nothing judgment rendered against her.

II.

England appeals the district court's denial of his motion to re-tax costs pursuant to Fed. R. Civ. P. 54(d). He argues that the district court abused its discretion in denying the motion. Alternatively, he argues that he was entitled to an explanation of why his motion was denied. In denying the motion, the district court stated only that it was of the opinion that the motion was "without merit."

Under Fed. R. Civ. P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" There is a "strong presumption" that costs will be awarded to a prevailing party. Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992). "The court cannot require the prevailing party to share costs unless the costs serve as a sanction." Id. Although Rule 54(d)(1) "permits the court to exercise its discretion and withhold an award of costs to the prevailing party," the court is required to state its

4

reasons so that we may review the decision for abuse of discretion. Id.

Generally, a district court's failure to state its reasons for requiring a prevailing party to bear his own costs requires a limited remand for the court to express its reasons. Hall v. State Farm Fire & Cas. Co., 937 F.2d 210, 216-17 (5th Cir. 1991). In Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir. 1990), however, we did not remand because the record revealed clear grounds for the district court's action in taxing the costs against the prevailing party. In Sheets, the district court had noted that "it was forced to endure the defendants' repeated and abusive hardball tactics." Id.

Gonzales argues that, as in Sheets, the district court's reasons for denying costs are apparent from the record. As the district court expressed only that the motion for costs was "without merit," it does not indicate that the motion was denied to sanction England for his conduct. Moreover, the record does not clearly reflect sanctionable conduct by England. We therefore remand the costs issue to the district court either to set forth its reasons for denying the motion or to award costs to England. See Hall, 937 F.2d at 217.

TAKE-NOTHING JUDGMENT AFFIRMED; DENIAL OF MOTION TO RE-TAX COSTS REMANDED.

5