UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30438
_____


DOLVA WATSON,

Plaintiff-Appellant,

v.

NEW ORLEANS CITY; EMELDA T. GARRETT, Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
99-CV-537-A
_____
October 16, 2001

Before DUHÉ and BENAVIDES, Circuit Judges, and RESTANI[*], District
Judge.

PER CURIAM:[**]

Plaintiff Dolva Watson ("Watson") appeals the district court's

grant of judgment as a matter of law against her after a jury

returned a verdict in her favor.  The district court held that her

suit under 42 U.S.C. § 1983 for excessive force by defendant police

_____

        [*]      Judge, U.S. Court of International Trade, sitting by
designation.

        [**]      Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

officer Emelda Garrett ("Officer Garrett") was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]  We affirm and reform the judgment consistent with *Heck*.

## I.    *Facts*

While watching a Mardi Gras parade on February 23, 1998, Watson crossed a barricade to retrieve a pair of beads.  Officer Garrett ordered Watson to return to the other side of the barricade, and when she failed to comply, Officer Garrett attempted to arrest her.  By this time, however, Watson had been drinking all afternoon and became very belligerent, using racial epithets to address Officer Garrett.  As she resisted Officer Garrett, a fight ensued between them.  Before Officer Garrett could subdue Watson and place her under arrest, Watson sustained several injuries as she was struck by Officer Garrett and forced to the ground.  Watson was finally removed from the scene and taken to the hospital, but she refused treatment.  When she finally arrived at the booking station, she became involved in another altercation, this time with a sheriff's deputy.  As a result of her actions, Watson ultimately plead no contest to charges of resisting arrest and battery on a police officer.  She was fined $1,500 and ordered to pay an

---

[1]The district court also stated that had it not granted judgment as a matter of law on the basis of *Heck*, it would have granted a new trial because the jury's award, which included zero compensatory damages but a $250 punitive damages award, was the result of an impermissible compromise. Watson argues that the verdict should not be set aside.  We need not address the issue because we hold that her claim is barred by *Heck*.

additional $350 in restitution.[2]

Watson filed suit against the City of New Orleans ("the City"), the New Orleans Police Department ("the Police Department"), Superintendent Richard Pennington, Officer Garrett, Officer Elizabeth Coste ("Officer Coste"), and Officer Lewis Richardson ("Officer Richardson"). She claimed several violations of her constitutional rights, including unlawful seizure, due process, excessive force, and cruel and unusual punishment. In addition to these constitutional claims, she alleged Louisiana state law claims of assault and battery and gross negligence. She sought compensatory damages, punitive damages, and attorney's fees.

In the pretrial order, the parties stipulated to Watson's convictions. Defendants filed a motion in limine seeking the dismissal of Watson's false arrest claim on the grounds that it was barred by *Heck v. Humphrey*, as her convictions precluded a § 1983 false arrest claim. The district court agreed, concluding that any determination regarding the legality of Watson's arrest would necessarily implicate the validity of her convictions.

The remainder of the case proceeded to a jury trial. During Watson's testimony on cross-examination, the defense moved for a directed verdict as to Officer Richardson. The court took the matter under submission, and after the completion of Watson's case

---

[2]Under Louisiana law, Watson's plea of no contest constitutes a conviction. *See* La. Code Crim. Proc. art 552(4).

3

in chief, the court dismissed Officers Coste and Richardson. Watson stated that she had no objection to their dismissal. Chief Pennington, the City, and the Police Department then moved for judgment as a matter of law, which the court granted, holding that there was no evidence of wrongdoing by Chief Pennington and the City and that the Police Department was not amenable to suit. At the conclusion of the defense's case, Officer Garrett moved for judgment as a matter of law on Watson's § 1983 excessive force and state law battery claims. The court denied the motion and submitted the case to the jury.

The jury returned with a verdict in favor of Watson. It found that Officer Garrett had used unconstitutionally excessive force in arresting and detaining Watson, had acted maliciously, willfully, and in gross disregard for Watson's constitutional rights, and had committed battery upon Watson in violation of state law.[3] They refused to award, however, any compensatory damages and entered zero for both "physical injury, pain, suffering, mental anguish, emotional distress, etc." and "past medical expenses." Despite the lack of compensatory damages, the jury did award Watson $250 in punitive damages for Officer Garrett's violations of Watson's constitutional rights.

After the jury's verdict, Officer Garrett filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). She

_____

[3]The battery claim is not a part of this appeal, as the jury did not award any damages on the basis of that claim.

4

argued that the jury's finding of excessive force should be overturned in light of *Heck*, as Watson's battery conviction precluded a § 1983 claim for excessive force. Moreover, she contended that the jury's award of punitive damages must be overturned, as her single punch to a person who admittedly hit, kicked, and spit on her was not sufficiently malicious to justify punitive damages, especially given that Watson was not awarded any compensatory damages. The district court granted Officer Garrett's motion, holding that Watson's convictions for battery on a police officer, resisting arrest, and public intoxication barred her from bringing her claim that Officer Garrett used excessive force in arresting her.

## II. *Discussion*

We review the district court's order under a de novo standard, examining the evidence in the light most favorable to the nonmovant. *See Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000). Judgment as a matter of law is appropriate if "the facts and inferences point so strongly and overwhelmingly in favor of the moving party [that] no reasonable jurors could have arrived at a contrary verdict." *See McCoy v. Hernandez,* 203 F.3d 371, 374 (5th Cir. 2000).

Watson argues on appeal that because her plea and sentence were not admitted into evidence, the court should not have considered them in ruling on the Rule 50(b) motion. She also

contends that Officer Garrett waived her argument that Watson is estopped from bringing her cause of action because estoppel is an affirmative defense, and Officer Garrett failed to preserve it. Finally, she asserts that *Heck* should not apply because Officer Garrett used excessive force *after* she had placed Watson under arrest, and that no conflict therefore exists between her conviction and her § 1983 claim.

Officer Garrett contends that *Heck* bars the excessive force claim because it necessarily calls into question Watson's convictions. She points out that the pretrial order included stipulations regarding Watson's conviction and sentence. Moreover, Officer Garrett argues that she did not waive her *Heck* defense because the district court granted the defendants' motion in limine dismissing Watson's false arrest claim and at the close of the defense's case, Officer Garrett moved for judgment as a matter of law. Finally, she notes that the district court, in agreeing with Officer Garrett's *Heck* argument, did not hold that Watson's claims were estopped.

## A. *Waiver*

Watson contends that the district court erred in granting judgment as a matter of law because Officer Garrett waived her *Heck* defense. Specifically, she notes that estoppel is an affirmative defense, which is waived if not properly plead. Although Officer Garrett's argument that *Heck* bars Watson's claim as a matter of law

6

is not technically an estoppel argument*, see Heck*, 512 U.S. 477, 480 n.2 (1994) (distinguishing between *Heck* doctrine and res judicata), Watson's failure to use the correct terminology has not caused Officer Garrett any prejudice.  Officer Garrett's brief identifies all the points in the litigation during which she claims to have raised the *Heck* issue.  Although these references are insufficient to put Watson on notice that Officer Garrett intended to rely on *Heck* as a bar to the excessive force claim, we note that waivers of defenses based on grounds rooted in considerations of state sovereignty are applied less harshly than other waivers.  *See Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996)(per curiam) (holding that federal court has discretion whether to accept a state's waiver of exhaustion requirement in habeas action)*; see also Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999) (recognizing applicability of doctrine to *Heck* defenses).  Although the district court did not explicitly indicate its reliance on this doctrine, this omission does not prohibit us from acknowledging it. *See Mulberry Square Prods., Inc. v. State Farm Fire & Cas. Co.*, 101 F.3d 414, 421 (5th Cir. 1996).  Accordingly, we hold that Officer Garrett did not waive her *Heck* defense.

### B.    *Heck*

We now consider whether *Heck* operates to bar Watson's excessive force claim under § 1983.  *Heck* holds that a § 1983 claim

7

"that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issue of a writ of habeas corpus." *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (quoting *Heck*, 512 U.S. at 486-87). In *Hudson*, this Court concluded that a § 1983 plaintiff's claim for excessive force was barred in light of the plaintiff's conviction for battery of an officer. *Id*. The Court reasoned:

> In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [defendants] used excessive force while apprehending him, if proved, would necessarily imply the invalidity of his arrest and conviction for battery of an officer.

Watson contends that *Hudson* does not control the present case because her claim is based on abuse that she suffered *after* she was arrested. The district court, having reviewed the record, rejected this argument. It stated that "the alleged excessive force involving Officer Garrett, according to plaintiff's own testimony, occurred during the NOPD officers' attempts to cuff, subdue, and keep the plaintiff under arrest until the van picked up detainees at the parade site and hauled the plaintiff off to Charity

8

Hospital."

Watson disagrees with this conclusion, but she does not provide any citations to record evidence substantiating her claim that Officer Garrett used excessive force after her arrest. Under Fed. R. App. P. 28(a)(9)(A), appellant's brief must contain the "appellant's contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Failure to comply with Rule 28 results in abandonment of the issue. *U.S. v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001). In light of Watson's inability to provide any support for her conclusory assertion that her excessive force claim does not call into question the validity of her battery conviction, we hold that *Heck* bars her § 1983 excessive force claim against Officer Garrett.

Finally, Watson's argument that there was no evidence of her conviction need not detain us long, as it is totally without merit. Both parties stipulated to the conviction, and it was therefore entirely proper for the district court to consider it. *See U.S. v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995)(per curiam) (holding that a party's entry into a stipulation relieves the opposing party of its burden to prove the fact that has been stipulated). Accordingly, the district court did not err when it held that *Heck* barred Watson's § 1983 claim for excessive force.

### III.    *Conclusion*

The district court correctly granted judgment as a matter of law on Officer Garrett's *Heck* defense to Watson's excessive force claim. Nevertheless, because *Heck* operates merely to bar a claim

9

under § 1983 until such time as a plaintiff's conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issue of a writ of habeas corpus, we reform the judgment by dismissing the case with prejudice until such time as Watson satisfies the conditions of *Heck.*

JUDGMENT OF DISMISSAL AFFIRMED AS MODIFIED