# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2010

No. 09-40616

Lyle W. Cayce
Clerk

MARQUIS K. HATTON

Plaintiff - Appellee

v.

TOMMY E. PHARIS

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-364

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this § 1983 action brought by Marquis Hatton, a state prison inmate, against Tommy Pharis, a prison guard, Pharis challenges a five hundred dollar judgment rendered against him following an adverse jury verdict.

According to Hatton, a fellow inmate in an adjacent cell was heating water with a stinger and throwing the boiling water on Hatton. Hatton relayed the complaint to Pharis who investigated the incident. Hatton testified that Pharis saw the burns on his body and the water in his cell but walked away without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40616

taking any action. After Pharis left, the inmate continued to throw hot water on Hatton. The court charged the jury that in order for Hatton to succeed in his claim, he was required to prove that Pharis was deliberately indifferent to plaintiff's safety, stating,

> To make such a showing, the Plaintiff must prove by a preponderance of the evidence that the Defendant knew of and disregarded an excessive risk to his physical health or safety, and that he suffered harm or injury as a result. In order to show this, the Plaintiff must show that the Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that the Defendant did in fact draw this inference. [1]

---

[1] In its entirety, the jury instruction related to deliberate indifference and Hatton's burden of proof stated:

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. With regard to the Plaintiff's claim that the Defendant was deliberately indifferent to his safety, you are instructed that prison officials have a duty to protect inmates from violence at the hands of other prisoners; however, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. In order to prevail, the Plaintiff must show that the Defendant acted with deliberate indifference to his physical health or safety.

To make such a showing, the Plaintiff must prove by a preponderance of the evidence that the Defendant knew of and disregarded an excessive risk to his physical health or safety, and that he suffered harm or injury as a result. In order to show this, the Plaintiff must show that the Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that the Defendant did in fact draw this inference.

However, you are further instructed that a failure by the Defendant to alleviate a significant risk which he should have perceived, but did not, does not constitute the infliction of cruel and unusual punishment and therefore is not deliberate indifference to safety. Mere negligence or a lack of reasonable care which falls short of being deliberately indifferent does not constitute the infliction of cruel and unusual punishment and therefore is not deliberate indifference to safety.

Thus, in order to prevail on his claim that the Defendant was deliberately indifferent to his safety, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Defendant knew of and disregarded an excessive risk to Plaintiff's safety or physical needs, and

2

No. 09-40616

With respect to Pharis' claim that the district court should have granted his motion for judgment as a matter of law, we are satisfied that the evidence was sufficient for the jury to find that Pharis acted with deliberate indifference towards Hatton.

Pharis also objected to the court's refusal to charge the jury that even if it did find Pharis deliberately indifferent, it could nevertheless exonerate Pharis if it determined that Pharis' actions were objectively reasonable. We review a court's failure to give a jury charge for abuse of discretion. *McCoy v. Hernandez*, 203 F.3d 371, 375 (5th Cir. 2000). Here, the court was justified in refusing to give the charge. Under the definition of deliberate indifference in the court's charge, the jury was required to find that Pharis knew the risk of danger Hatton faced and disregarded that risk. *See e.g. Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1996). As such, the court did not abuse its discretion in concluding that an officer's actions could not be objectively reasonable if he acted in this deliberately indifferent manner; an objectively reasonable officer could not treat prisoners with deliberate indifference because he would know that such action was unlawful and inconsistent with his obligations under the United States Constitution.

For these reasons, we AFFIRM the judgment of the district court.

---

Second: That the Plaintiff suffered actual harm as a direct result of the Defendant's deliberately indifferent actions or failure to act.